**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| JAMES R. SCHRECK,<br><br>                    Plaintiff,<br><br>v.<br><br>POWER BAIL BONDS,<br><br>                    Defendant. | Case No. **'20 CV0538 AJB  MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>JURY TRIAL DEMANDED |

NOW COMES, JAMES R. SCHRECK, through undersigned counsel, complaining of POWER BAIL BONDS, as follows:

**NATURE OF ACTION**

1.      This action is seeking redress for Power Bail Bonds' violation(s) of the Telephone Consumer Protection Act (the "TCPA").

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.      JAMES R. SCHRECK ("Schreck") is a natural person, over 18-years-of-age, who at all times relevant resided in El Cajon, California.

5.      Schreck is a "person" as defined by 47 U.S.C. § 153(39).

1

6.      POWER BAIL BONDS is a corporation organized under the laws of California.

7.      Power Bail Bonds has its principal place of business at 43920 Margarita Road, Suite B, Temecula, California 92592.

8.      Power Bail Bonds is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

9.      At all times relevant, Schreck was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 9721.

10.     At all times relevant, Schreck's number ending in 9721 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11.     At all times relevant, Schreck was financially responsible for his cellular telephone services.

12.     Months ago, Schreck paid Power Bail Bonds for a bail premium in order to bail his friend out of jail.

13.     In connection with posting bond, as collateral, Schreck was required to execute a promissory note.

14.     Upon information and belief, Schreck's friend failed to appear; the court issued a bench warrant and an order of bond forfeiture.

15.     Soon, Power Bail Bonds initiated collection efforts against Schreck for the bond amount.

16.     Specifically, Schreck started to receive phone calls from Power Bail Bonds.

17.     Feeling harassed, in late-January, Schreck phoned Power Bail Bonds.

18.     Schreck argued that he did not owe this debt.

19.     Getting nowhere, Schreck told them "[d]on't call me anymore!"

20.     Regrettably, these phone calls persisted.

2

21. On multiple occasions, Plaintiff answered.

22. Each time Plaintiff answered, Plaintiff was met by distinctive noticeable pause prior to being connected to an agent.

23. On multiple occasions – as recently as March 17, 2020 – Plaintiff made a call to Power Bail Bonds to specifically repeat his request that they stop calling.

24. One day, Power Bail Bonds informed Plaintiff that "… [they] cannot help how our system places these calls."

25. On some days, Plaintiff receives 2-3 phone calls from Power Bail Bonds.

26. All in all, Plaintiff has received no less than 22 phone calls from numbers leading back to Power Bail Bonds – including (951) 231-4990 on:

February 03, 2020 – 4 phone calls

February 04, 2020 – 2 phone calls

February 22, 2020 – 4 phone calls

27. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

28. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

29. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)**

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Power Bail Bonds placed or caused to be placed no less than 22 non-emergency calls, including but not limited to the aforementioned collection calls, to Schreck's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Schreck's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32.     The TCPA defines an automatic telephone dialing system as equipment which has the ***capacity*** – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  47 U.S.C. § 227(a)(1).

33.     Upon information and belief, based on the "clear pause" Schreck experienced, Power Bail Bonds employed an ATDS to place calls to Schreck's cellular telephone.

34.     Upon information and belief, the ATDS employed by Power Bail Bonds transfers the call to an agent once a human voice is detected, hence the clear pause.

35.     Upon information and belief, the ATDS employed by Power Bail Bonds has the capacity – (A) to store numbers to be called; and (B) to dial such numbers.  *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.").

36.     Schreck revoked any and all previous consent on multiple occasions, as recently as on March 17, 2020.

37.     Upon information and belief, Power Bail Bonds acted through its agents, employees, and/or representatives at all times relevant.

38.     As a result of Power Bail Bonds' violations of 47 U.S.C. §227 (b)(1)(A)(iii). Schreck is entitled to receive $500.00 in damages for each violation.

39.     As a result of Power Bail Bonds' *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Schreck is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Schreck requests the following relief:

A.      a finding that Power Bail Bonds violated 47 U.S.C. § 227 *et seq.*;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: March 23, 2020                    Respectfully submitted,

**JAMES R. SCHRECK**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com